*884 MEMORANDUM I5Y THE COURT.
The plaintiff’s two contracts were for the waste matter at Camp Lee and at the embarkation cantonment. Payment for the waste matter was to^ be at the rate of three cents at the one camp and four cents at the other “per month for each soldier and each person in Government service ” at the particular camp. Manifestly the contract referring to “ waste matter” did not contemplate the varied assortment of materials set forth in Exhibits B and D to the petition, which from time to time was gathered in or assembled at these places. The basis of payment, so much per man per month, rebuts any such conclusion as is contended for by plaintiff. The contracts mention certain articles of waste matter, and it is to be noted that they cover all waste matter produced at the camps. It can not be reasonably concluded that the *885 varied assortment of articles set forth in Exhibits B and D estimated by plaintiff to be of the value stated were included as waste matter produced at the camps.
On the other hand, if the contention could find support there is no evidence upon which a judgment could be rendered. The amount of the materials stated in Exhibits B and D is not shown, but is stated on the basis of certain similar materials found at a distinct camp not connected with either of the camps named in plaintiff’s contracts. Nor is its value or its market value proved. The court can not be expected to guess at these things. A large amount of the materials in question had a salvage value and was treated accordingly. A reading of the list shows it was never contemplated that materials to the stated value of $251,000 (claimed by plaintiff) would be turned over to it under a provision that it would pay three or four cents per man per month for the “ waste matter ” at the camps. Large quantities of the waste matter mentioned in section 5 of the contracts were delivered. There is no contention that all of the waste matter was not received, except the materials made the subject of the claim.
The quantities of the materials which the plaintiff claims as “ waste matter ” within the terms of the contracts are stated in Exhibits B and D to the petition. These exhibits show on their face, and it is otherwise found as a fact, that the quantities stated are mere estimates. Brass, aluminum, millions of pounds of iron, lead, nails, and many other articles, are claimed as waste matter and the quantities are estimated on the basis of what was found at a prior date to have been at another camp, Camp Chillicothe. They were never designated or set apart as waste matter. They were utilized or disposed of by the Government.
The breach relied on by the plaintiff is the failure or refusal of the Government to deliver the waste matter. It must show there was a breach and the damages incident thereto. We do not think it has done either, and the values of materials in estimated quantities as stated in Exhibits T) and B do not take the place of positive proof.
The petition should be dismissed.